# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL MCMILLAN, JR., | CASE NO. 7:19CV00378 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| BLUE RIDGE REGIONAL JAIL AUTHORITY INSTITUTION, ET AL., | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Defendants. | |

Michael McMillan, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the "Blue Ridge Regional Jail Authority institution ["BRRJA"] and medical department," concerning two separate incidents that occurred there.[1] Compl. 1, ECF No. 1. After review of the record, the court concludes that this civil action is appropriately dismissed without prejudice for failure to state a claim.

At the end of January 2019, McMillan "felt [him]self experiencing chest pains and couldn't breathe." Id. at 2. He claims that he "had a seizure [sic]" and "was moved while unconscious to a drunk tank where [he] was maced and beat right after having surgery." Id. McMillan also alleges "I was thrown in a cell full of urine and fecies for having a seizure [sic] and jail and nurses tried to cover it up." Id. at 3. "I was in medical and woke in another cell after experiencing chest pains and passing out. No hospital." Id.

On March 21, 2019, McMillan was allegedly "beaten up, sprayed with mace placed in a[ ] choke hold [until he] couldn't breathe, slammed to the ground, punched and kicked in [his] back and ribs" by some jail officers. Id. at 2. An officer also allegedly "choked [McMillan] out

---

[1] McMillan's submissions indicate that he is now confined at a different jail facility.

and dislocated" his jaw. Id. at 3. Then, McMillan claims, he was "denied proper medical treatment" and medication, and "[t]he jail staff and nurse tried to cover this up." Id.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must accept the plaintiff's factual allegations as true, but need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). The BRRJA medical department, as a group of individuals, cannot qualify as a "person" subject to suit under § 1983. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (emphasis added). Therefore, the court must dismiss McMillan's claims against the medical department.

McMillan also names the BRRJA as a defendant. To prove that a governmental entity, such as a regional jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where

. . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). McMillan states no facts in the complaint suggesting that the allegedly inadequate medical care he received in January 2019 or the use of force against him occurred in furtherance of a BRRJA practice or policy. The court will summarily dismiss his complaint against the BRRJA.

For these reasons, the court concludes that McMillan's submissions do not state any claim upon which relief could be granted against the only defendants he has identified in the heading of his complaint. Therefore, the court will summarily dismss the action without prejudice under § 1915A(b)(1). An appropriate order will enter this day. Such a dismissal leaves McMillan free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[2] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of May, 2019.

    /s/ Glen E. Conrad
Senior United States District Judge

---

[2] The court notes that McMillan's current complaint also violates the federal rules governing joinder, because his claims are based on separate events that involved different individuals. See Fed. R. Civ. P. 18, 20. Rule 18(a) only allows a plaintiff to join as many claims as it has against an opposing party" (emphasis added). On the other hand, Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is impermissible.